**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED PROPERTY & CASUALTY INSURANCE, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> )    No. 2:19-cv-01856-DCN |
| vs. | ) <br> )    **ORDER** |
| ALLEN P. COUTURE, | ) <br> ) |
| Defendant. | ) <br> ) |

      This matter is before the court on defendant Allen P. Couture's ("Couture") motion for attorney's fees. ECF No. 46. For the reasons set forth below, the court denies Couture's motion.

## I. BACKGROUND

      UPC issued a homeowner's insurance policy ("Policy") to Couture providing coverage related to Couture's primary residence located at 1344 Winterberry Avenue, Goose Creek, South Carolina ("Residence"), for the policy period October 15, 2018 through October 15, 2019. ECF No. 1-1. On his application, Couture responded to "Prequalification Question #7" that the Residence did not have any pre-existing damage. ECF No. 25-2 at 4. Prior to purchasing the Residence, an inspection was performed that found multiple issues with the Residence including damage to the subfloor in multiple locations and leaking that impacted the shut-off valve. ECF No. 5-1. The seller of the Residence fixed those issues as requested by Couture, and upon re-inspection all water leaks were fixed in a manner deemed to be "satisfactory." ECF No. 5-2.

1

On March 17, 2019, Couture became aware of a water leak in the washing machine water supply line in the laundry room that caused significant water damage to kitchen cabinets, the subfloor in laundry room, and laundry room walls. As a result, Couture filed a claim under the Policy. ECF No. 24 at 2. On March 22, 2019, UPC sent a third-party field adjuster, Mike Howell, to perform a physical inspection of the Residence on its behalf, at which time he created a photo report to document the damage that occurred at the Residence ("unredacted photo report"). After receiving the unredacted photo report from Mike Howell, UPC denied the claim via a letter dated April 4, 2019. ECF No. 24-1. On April 9, 2019, UPC sent Couture a letter cancelling the Policy due to a material misrepresentation of fact. ECF No. 24-2. On April 19, 2019, counsel for Couture issued a letter to UPC disputing a material misrepresentation and requesting additional information related to the denial of the claim and the cancellation of the policy. ECF 25-4. On May 2, 2019, UPC issued a second letter explaining why the claim was denied. ECF No. 24-3. After the parties communicated about whether additional information was going to be provided by UPC to Couture regarding the denial of the insurance claim, ECF No. 25-6, UPC issued a third letter to Couture explaining the reason for the denial of the insurance claim on May 30, 2019, ECF No. 25-7.

On June 28, 2019, UPC brought suit against Couture for a declaratory judgment on the denial of the claim. ECF No. 1. On August 8, 2019, Couture answered the complaint and brought a counterclaim against UPC alleging breach of contract, bad faith, and negligence. ECF No. 5. On August 16, 2019, Couture served Requests for Production ("RFP") on UPC. ECF No. 24-7. On September 27, 2019, UPC responded to

Couture's RFP.[1]  On October 21, 2019, Couture sent a good faith letter to UPC ("first Rule 11 letter") in order to address alleged deficient responses and objections raised by UPC's responses to the RFP.  ECF No. 24-8.  UPC then provided a supplemental response to Couture's RFP, an amended privilege log, and a letter explaining its responses on November 15, 2019.  ECF No. 24-9; ECF No. 24-11; ECF No. 24-12.  On December 6, 2019, Couture sent another good faith letter to UPC ("second Rule 11 letter") in order to address alleged deficient responses and objections raised by UPC's supplemental responses to the RFP.  ECF No. 24-13.  On December 20, 2019, UPC provided Couture with a letter that it had sufficiently answered all questions and would not be providing any more discovery responses.  ECF No. 24-14.

On January 13, 2020, Couture filed his motion to compel.  ECF No. 24.  On January 27, 2020, UPC responded to Couture's motion to compel.  ECF No. 25.  On February 3, 2020, Couture replied to UPC's response, ECF No. 27, to which UPC filed a supplemental response and a motion for protective order on February 11, 2020.  ECF No. 31.  On March 3, 2020, UPC filed a motion for protective order and motion to quash.  ECF No. 33.  Couture responded to UPC's motion for protective order and motion to quash on April 7, 2020.  ECF No. 39.  On May 7, 2020, the court held a telephonic hearing on Couture's motion to compel and UPC's motion for protective order and motion to quash.  On May 11, 2020, the court issued an order granting in part, denying in part, and withholding ruling in part until documents requested are submitted for an <u>in camera</u> review by the court Couture's motion to compel, denying UPC's motion for protective order, and finding as moot UPC's motion to quash.  ECF No. 45.  On May 19,

---

[1] UPC's initial response to Couture's RFP was not provided to the court.

2020, UPC submitted the requested documents to the court for in camera review. On June 1, 2020, the court granted in part Couture's motion to compel. ECF No. 51. On May 21, 2020, Couture filed this motion for attorney's fees. ECF No. 46. On June 4, 2020, UPC responded, ECF No. 52, to which Couture replied on June 10, 2020, ECF No. 54. This motion is now ripe for the court's review.

## II.  STANDARD

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that:

> If [a] motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party whose conduct necessitated the motion, or the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

However, the court must not order payment of expenses if the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). "If the motion [to compel] is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); see also Stephenson v. Pfizer Inc., 2014 WL 3385213, at *2 (M.D.N.C. July 9, 2014) ("Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A), in that expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's conduct necessitated the motion unless the nondisclosure or objection was substantially justified or other circumstances make an award of expenses unjust." (internal citation and quotation marks omitted)).

### III.   DISCUSSION

As a threshold issue, the court must determine which section of Rule 37(a)(5) applies to this motion.  Couture argues that because the court granted his motion to compel, the court now must award him reasonable attorney's fees under Rule 37(a)(5)(A).  ECF No. 46 at 2.  UPC contends that because the motion to compel was granted in part and denied in part, the court may grant attorney's fees but is not required to do so, pursuant to Rule 37(a)(5)(C).  ECF No. 52 at 3.  The court granted in part and denied in part Couture's motion to compel.  ECF No. 45, ECF No. 52.  Therefore, the court finds that Rule 37(a)(5)(C) governs this motion for attorney's fees and that it has discretion whether to award Couture expenses.

The court's finding that Rule 37(a)(5)(C) applies to this motion as opposed to Rule 37(a)(5)(A) is not a distinction without a difference.  Rule 37(a)(5)(A) explicitly allows for the awarding of attorney's fees, while Rule 37(a)(5)(C) only allows for reasonable expenses.  Standard judicial tools for interpretation of the Federal Rules of Civil Procedure include interpretation by negative implication and the plain meaning of language.  See Keene Corp. v. United States, 508 U.S. 200, 208 (1993).  The presence of the phrase "attorney's fees" in both subsections (A) and (B) in Rule 37(a)(5) as an allowable monetary award coupled with the phrase's absence in subsection (C) in Rule 37(a)(5) indicates to the court that compensation for attorney's fees was not intended under Rule 37(a)(5).  See Bates v. United States, 522 U.S. 23, 29 (1997) (holding that when interpreting federal rules courts should "ordinarily resist reading words or elements into a [federal rule] that do[es] not appear on its face"); United States v. Serafini, 826 F.3d 146, 149 (4th Cir. 2016) (explaining that where particular language is included in

one section but is omitted it in another section of the same rule, it is generally presumed that the drafter acts "intentionally and purposely in the disparate inclusion or exclusion."). Other district courts in this circuit have distinguished between the granting of attorney's fees under Rule 37(a)(5)(A) and granting of reasonable expenses under Rule 37(a)(5)(C). EEOC v. Bardon, Inc., 2010 WL 989051, at *3 (D. Md. Mar. 12, 2010) ("Because the term 'attorney's fees' is explicit in subsections (A) and (B) but not in (C), the Court must presume that attorney' fees are not permissible 'expenses' under subsection (C). The plain reading of the statute mandates this result."); see also Raynor v. G4S Secure Sols. (USA) Inc., 327 F. Supp. 3d 925, 950 (W.D.N.C. 2018), aff'd, 805 F. App'x 170 (4th Cir. 2020) (differentiating and distinguishing between attorney's fees under Rule 35(a)(5)(A) and expenses under Rule 35(a)(5)(C) because "the plain language of Rule 37(a)(5)[(C)] only permits an award of 'reasonable expenses. . .'").

As such, the court finds that a plain-language interpretation shows that attorney's fees are not awardable under Rule 37(a)(5)(C). In this instance, Couture only submitted an award related to attorney's fees. ECF No. 46-1. Because the court is not permitted to grant attorney's fees to Couture under this motion pursuant to Rule 37(a)(5)(C), the court denies Couture's motion.

## IV.  CONCLUSION

For the reasons set forth above, the court denies Couture's motion for attorney's fees.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 19, 2020
Charleston, South Carolina**