# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED PROPERTY & CASUALTY INSURANCE, ) ) ) | |
| Plaintiff, ) ) | No. 2:19-cv-01856-DCN |
| vs. ) ) | **ORDER** |
| ALLEN P. COUTURE, ) ) | |
| Defendant. ) ) | |

This matter is before the court on plaintiff United Property & Casualty Insurance's ("UPC") motion in limine to dismiss defendant Allen P. Couture's ("Couture") request for attorney's fees, ECF No. 121. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This insurance dispute arises out of a homeowner's insurance policy (the "Policy") between an insurer, UPC, and its former insured, Couture, covering Couture's primary residence located at 1344 Winterberry Avenue, Goose Creek, South Carolina (the "Residence"). Prior to purchasing the Residence, Couture had an inspection performed on August 29, 2018 that unearthed several issues, including damage to the subflooring in multiple locations and faulty shut-off valves that caused the plumbing underneath the laundry room and kitchen to leak (the "First Inspection Report"). ECF No. 90-2. After the seller of the Residence (the "Seller") purported to fix those issues, Couture had a second inspection performed on September 21, 2018. The second inspection found all repairs to the "Plumbing System," including to the shut-off valves, to

1

be "satisfactory"; however, it also noted that certain repairs to the subflooring in the master bathroom and kitchen "d[id] NOT appear to be adequate" because the subflooring remained "deteriorated" (the "Second Inspection Report"). ECF No. 90-4 at 12, 14 (emphasis in original). The Seller subsequently agreed to hire a contractor to make all the outstanding repairs. ECF No. 91-2, Couture Aff. ¶¶ 10–11. The contractor completed these repairs, and on October 3, 2018, wrote a letter to the Seller summarizing the repairs that were done. On October 5, 2018, Couture filed an application for a homeowner's insurance policy with UPC. ECF No. 90-7. The application included a question asking if the Residence had any "unrepaired or existing damage," to which Couture responded, "No." Id. at 4. UPC granted the application and issued the Policy to Couture with the policy period beginning on October 15, 2018 and continuing through October 15, 2019. ECF No. 90-8.

On March 17, 2019, Couture became aware of a leak in the laundry room's water supply line that caused significant water damage to the subflooring and walls of the laundry room and caused the kitchen cabinets to become "warped and swollen." Couture Aff. ¶ 15. As a result, Couture filed a claim under the Policy. On March 22, 2019, UPC sent Michael Howell ("Howell")—a third-party field adjuster—to perform a field inspection of the Residence. After receiving the inspection report from Howell, UPC denied Couture's claim by letter dated April 4, 2019, reasoning that the claimed damages "appear as a result of long-term water and mold damage prior to your policy inception date, and are considered pre-existing damages prior to the policy term." ECF No. 90-11 at 2. On April 9, 2019, UPC sent Couture a second letter cancelling the Policy due to a material misrepresentation of fact, based on Couture's answer on the Policy application

that the Residence was free of "unrepaired or existing damage." ECF No. 90-13 at 3. On May 2, 2019, UPC sent Couture a third letter regarding its denial of the claim. ECF No. 90-15.

On June 28, 2019, UPC filed its declaratory judgment action, asking the court to declare that Couture is not entitled to coverage under the Policy for claimed damages to the Residence. ECF No. 1, Compl. On August 8, 2019, Couture answered the complaint and asserted counterclaims for breach of contract, bad faith, and negligence/negligence per se. ECF No. 5. On March 3, 2022, the court entered an order on the parties' respective motions for summary judgment, ECF No. 101, and on June 8, 2022, the court entered an order granting in part Couture's motion for reconsideration. As a result of the court's orders, the following claims remain at issue: (1) UPC's declaratory judgment claim, (2) Couture's counterclaim for breach of contract, and (3) Couture's counterclaim for negligence as to UPC's alleged failure to reasonably investigate the Residence.

On August 24, 2022, UPC filed a motion in limine to dismiss Couture's request for attorney's fees. ECF No. 121. Couture responded in opposition on September 7, 2022. ECF No. 123. UPC did not file a reply, and the time to do so has now expired. The court held a hearing on the motion on September 12, 2022.[1] ECF No. 125. As such, the motion has been fully briefed and is now ripe for review.

---

[1] At the hearing the court also granted in part and found as partially moot UPC's motion to take deposition, ECF No. 112, and found as moot UPC's motion to compel, ECF No. 113. Specifically, the court granted UPC's motion to take the deposition of David Crosby ("Crosby"), Couture's real estate agent. As the court explained at the hearing, UPC's recent discovery of text messages purportedly showing Crosby's involvement in selecting Terry Weese ("Weese"), the contractor who was hired by the Seller, constitutes good cause for extending the discovery deadline. See Brightview Grp., LP v. Glynn, 2022 WL 743937, at *11 (D. Md. Mar. 11, 2022) ("Courts in this circuit . . . have routinely concluded that new information uncovered during the course of

## II.  DISCUSSION

UPC asks the court to recognize that no attorney's fees may be awarded if Couture is ultimately successful on any or all of his claims. UPC acknowledges that typically, any award of attorney's fees would be decided by the court upon a post-trial motion. See Fed. R. Civ. P. 54(d)(2) ("[A] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). However, UPC argues that the issue is ripe because the court can determine that no fees may be awarded as a matter of law.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Under the "American rule," each party normally pays its own attorney's fees, absent some statutory or contractual provision stating otherwise. Key Tronic Corp. v. United States, 511 U.S. 809, 814–15 (1994); see Baron Data Sys., Inc. v. Loter, 377 S.E.2d 296, 297 (S.C. 1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."). UPC argues that no applicable statute authorizes an award of attorney's fees in this matter. According to UPC, the only statute that might be applicable is S.C. Code Ann. § 38-59-40, which authorizes attorney's fees not to exceed one-third of the amount of judgment if the trial judge finds that a policyholder's refusal to pay was "without reasonable cause or in bad faith." As UPC notes though, the court previously granted summary judgment in UPC's favor on Couture's bad faith claim. UPC further argues

---

discovery constitutes good cause sufficient to satisfy the rigors of Rule 16, when such information is relayed to the Court promptly and diligently.").

that the Policy does not provide for attorney's fees to be awarded to a successful claimant, so no attorney's fees are authorized by contract either.

In his response, Couture raises two primary arguments. First, Couture argues that the motion is unripe. ECF No. 123 at 6–7. To determine whether a claim is ripe, the court must "balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration. A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006). Here, if UPC is entirely correct that there is no uncertainty over whether Couture may claim attorney's fees, the court finds that this motion would not depend on any future uncertainties. Indeed, courts have only expressed hesitancy to dismiss attorney's fees before trial where a defendant "has not clearly established that attorneys' fees are impermissible" and where "[t]he presentation of evidence at trial and the outcome of trial may be relevant to determining whether attorneys' fees are warranted." Fessler v. Int'l Bus. Machs. Corp., 2021 WL 1429473, at *2 (E.D. Va. Mar. 9, 2021). Thus, although Couture's second and separate argument is that he is entitled to recover attorney's fees on the merits, the court finds that these inquiries merge into one. In other words, to determine if the motion is unripe or premature, the court must decide whether there is any possibility that the upcoming proceedings will dictate whether attorney's fees are warranted. If there is no such possibility, the law permits the court to grant the motion.

Upon review, however, the court finds that it would indeed be premature to find that no attorney's fees could be awarded as a matter of law. In his response, Couture argues that under South Carolina law, attorney's fees are recoverable by an insured who

5

prevails in a declaratory judgment action, as established in the South Carolina Supreme Court case Hegler v. Gulf Insurance Co., 243 S.E.2d 443 (S.C. 1978).  UPC's declaratory judgment action remains pending in this case.  In anticipation of Couture's argument, UPC contends in its motion that courts have improperly expanded the rule in Hegler, and Hegler applies only to insurers who have a duty to defend and indemnify claims in a third-party lawsuit.  UPC argues that this court recently analyzed the Hegler rule and clarified that the rule does not apply in all insurance denial cases.  See Owners Ins. Co. v. Warren Mech., LLC, 324 F. Supp. 3d 650, 655 (D.S.C. 2018), aff'd, 773 F. App'x 714 (4th Cir. 2019).  Conversely, Couture argues that the caselaw from this district supports the position that Hegler permits the award of attorney's fees in any declaratory judgment action, including one concerning first-party insurance coverage.  See Allstate Fire & Cas. Ins. Co. v. Simpson, 2016 WL 8650129, at *1 (D.S.C. May 7, 2016), aff'd, 671 F. App'x 124 (4th Cir. 2016).

  The two cases cited by the parties appear to be directly at odds.  In Owners Insurance, this court observed that "every similar South Carolina case that the court found . . . involved a request that the court declare that the insurer was not obligated to indemnify its insured or provide a defense in an underlying action." Owners Ins., 324 F. Supp. 3d at 655.  Since Owners Insurance did not involve an alleged breach of a duty to defend or indemnify, the court denied the request for attorney's fees.  Id.  On the other hand, Judge Herlong ruled in Simpson that there was no authority for finding that courts should only "consider[] the award of attorney's fees where the insurer breached its duty to defend an insured" and subsequently awarded fees.  Simpson, 2016 WL 8650129, at *1.  Complicating the matter, both Owners Insurance and Simpson were affirmed by the

6

Fourth Circuit Court of Appeals in unpublished opinions.  Owners Ins., 773 F. App'x 714; Simpson, 671 F. App'x 124.

The court finds that Owners Insurance may be subject to modification.  There, the court reasoned that attorney's fees were not allowed outside of the duty-to-defend or indemnify context because it had not been presented with any contrary cases where a court applied Hegler to a declaratory judgment action involving a first-party insurer.  Owners Ins., 324 F. Supp. 3d at 655.  Certainly, many courts have only considered the award of attorney's fees where the insurer breaches its duty to defend an insured.  See, e.g., NGM Ins. Co. v. Carolina's Power Wash & Painting, LLC, 2010 WL 3258145, at *4 (D.S.C. Aug. 16, 2010); Berenyi, Inc. v. Landmark Am. Ins. Co., 2010 WL 223861, at *11 (D.S.C. Jan. 14, 2010).  Simpson presents such a contrary case, however.  There, the court clearly stated that Hegler is "analogous" even where the party seeking declaratory judgment is a first-party insurer.  Simpson, 2016 WL 8650129, at *2.  As the court in Simpson reasoned, the hallmarks of Hegler are still found in cases involving a first-party insurer.  Id.  In both contexts, an insurer initiates a declaratory judgment action seeking to avoid coverage and thus, the defendants are "forced to defend themselves in the [] action."  Id.  "Absent the actions of [the insurer], the [d]efendants would not have been forced to expend attorney's fees to obtain [] coverage."  Id.  And, as this court explained in Owners Insurance, "constructive breach of contract allows for the recoupment of attorney's fees, even though no literal contract providing for attorney's fees has been breached and no statutory provision for attorney's fees exists."  Owners Ins., 324 F. Supp. 3d at 655.  Therefore, the court holds that Hegler applies to a first-party insurer.

Other cases confirm this view. When the South Carolina Supreme Court stated "[i]t is well-settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, the insured is entitled to recover attorney's fees," the court did not limit its statement of the law to duty-to-indemnify cases. State Auto Prop. & Cas. Ins. Co. v. Raynolds, 592 S.E.2d 633, 637 (S.C. 2004). The court in Raynolds did not ultimately rule on the issue because it found that the defendants did not "prevail," but the court's pronouncement is persuasive given that it comes from the highest-level state court analyzing South Carolina law. Id. And, in the only case from the District of South Carolina that has broached the issue since Owners Insurance, the court indirectly adopted the Simpson approach by granting an insured leave to amend his complaint to add attorney's fees in a case where the plaintiff was suing his own homeowner's insurance provider. See State Farm Fire & Cas. Co. v. Lang, 2022 WL 354560, at *4 (D.S.C. Feb. 4, 2022). The court determined it would not be futile to allow the amendment given that South Carolina authorities, including Hegler, recognize a right to recover attorney's fees pursuant to an insurance policy. Id.

Based on the above considerations, the court finds that Couture may still be able to prevail in demonstrating attorney's fees under a constructive breach of a contractual right if he prevails in defending against the declaratory judgment action. In so ruling, the court is not deciding whether Couture will in fact be entitled to such an award, nor is the court dictating the scope of the award. The court denies UPC's motion as premature.[2]

---

[2] Couture also argues that it would be similarly premature to decide that attorney's fees could never be awarded for bad faith, despite the court's decision to grant summary judgment on Couture's bad faith claim. In support, Couture cites a case that held that bad faith is not a prerequisite to recovering attorney's fees for defending a declaratory judgment action brought by the insurer. ECF No. 123 at 5–6 (citing Sec. Ins.

### III. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion in limine and will allow attorney's fees to be disputed, if necessary, in a post-trial motion.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 19, 2022**
**Charleston, South Carolina**

---

Co. of Hartford v. Campbell Schneider & Assocs., LLC, 481 F. Supp. 2d 496, 503 (D.S.C. 2007)).  But UPC's argument about bad faith was made within the context of § 38-59-40, which, again, authorizes attorney's fees if the trial judge finds that a policyholder's refusal to pay was "without reasonable cause or in bad faith."  Hegler's authorization of recovery for defending against a declaratory judgment action is based on equitable considerations arising from a constructive breach of contract.  Owners Ins., 324 F. Supp. 3d at 655.  To clarify, the court agrees with UPC that Couture cannot recover attorney's fees for bad faith based on the law of the case, but for the reasons above, finds that Couture may still recover attorney's fees under Hegler.

9